NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-835

GERALD LEAHY

vs.

CORTNI TYLER & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Gerald Leahy, appeals from a judgment for the defendant, Progressive Insurance Company,[2] following a jury-waived trial in the Superior Court.  The plaintiff claimed that the defendant violated G. L. c. 93A by committing unfair settlement practices prohibited by G. L. c. 176D, § 3 (9).  We affirm.

The dispute arose from an August 2016 motorcycle accident in which the plaintiff was rear-ended by the defendant's insured.  As best we can understand it, the appeal centers on the judge's factual determinations and evidentiary rulings about

_____

[1] Progressive Insurance Company and Plymouth Rock Assurance Corporation.

[2] The other defendants were dismissed prior to trial.

the defendant's obligation to make a good-faith offer of settlement pursuant to G. L. c. 176D, § 3 (9) (f), and G. L. c. 93A, § 9.

"In nonjury cases, findings of fact shall not be set aside unless clearly erroneous." Barboza v. McLeod, 447 Mass. 468, 469 (2006). See Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1402 (1996). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 792 (1986), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

We have reviewed the challenged rulings for error and conclude there are none. We are unpersuaded by what we perceive as the central claim, that the defendant violated G. L. c. 93A and G. L. c. 176D by not making an earlier offer for the full policy limit. Under c. 176D, an insurer must "effectuate a prompt, fair and equitable settlement[] of claims in which liability has become reasonably clear." G. L. c. 176D, § 3 (9) (f). "[T]he question whether and when an insured's liability became reasonably clear is based on an objective assessment of the facts known or available at the time." McLaughlin v. American States Ins. Co., 90 Mass. App. Ct. 22, 31 (2016). "Liability is not 'reasonably clear' if there is 'a

2

legitimate difference of opinion as to the extent of [the insured's] liability,' or a 'good faith disagreement' over the amount of damages." Chiulli v. Liberty Mut. Ins., Inc., 97 Mass. App. Ct. 248, 256 (2020), quoting Bobick v. United States Fid. & Guar. Co., 439 Mass. 652, 660 (2003).

At the time of the plaintiff's initial demand, the judge found "the extent of the damages attributable to the accident was not reasonably clear" and "[the defendant] had a legitimate concern about causation." These findings are supported by the record. The defendant knew the plaintiff had suffered an earlier injury to the same wrist injured in the accident "but did not have the medical records evidencing the nature and extent of th[e] treatment" for the earlier injury. The defendant also had a "legitimate concern about causation" because the plaintiff reported an injury from the accident only "after lifting a heavy power tool at work."

The trial evidence -- particularly the testimony of a claims manager for the defendant and an expert in insurance claims handling -- adequately supported the judge's conclusion that "the extent of the damages attributable to the accident was not reasonably clear based on the facts known" at the time the defendant increased its policy reserve "based on a worst-case scenario." The defendant's "legitimate concern[s]" about the extent of damages and causation remained "unresolved" until

3

September of 2019 because the plaintiff refused to produce either a medical authorization form or relevant medical records. When the defendant finally received the necessary records, it promptly settled with the plaintiff for the policy limit. Because the defendant's actions were based on a "legitimate difference of opinion" as to liability and a "good faith disagreement" over the extent of the resulting damages, the trial judge properly concluded that its conduct was not unreasonable. Chiulli, 97 Mass. App. Ct. at 256.

To the extent we understand the other arguments, they challenge factual and evidentiary rulings by the trial judge. We conclude that the judge's underlying findings are supported by the evidence and thus not clearly erroneous. McLaughlin, 90 Mass. App. Ct. at 30. The remaining arguments -- in support of which the plaintiff cites no legal authority -- do not rise to the level of appellate argument and we therefore decline to consider them. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019). These include the plaintiff's dissatisfaction with the judge's decisions about which facts were necessary to his ruling; the plaintiff's disagreement with the judge's treatment of the "excessive" nature of the medical bills; and the plaintiff's assertion that the defendant's investigation was unreasonable as a matter of law.

Judgment affirmed.

4

By the Court (Blake, C.J.,
 Henry & Hershfang, JJ.[3]),

*Paul Little*

Clerk

Entered:  December 1, 2025.

---

[3] The panelists are listed in order of seniority.